IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

RICHARD STEWART :
:
      Plaintiff, :
:
v. : Civil Action No.: **WMN 00-CV-2597**
:
BOARD OF EDUCATION OF :
PRINCE GEORGE'S COUNTY, et al. :
:
      Defendants. :

## MOTION TO DISMISS AND/OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COME NOW the Defendants, Board of Education of Prince George's County, Dr. Iris T. Metts, Dr. Jerome Clark[1], and Thomas D. Kirby, by their attorneys, KNIGHT, MANZI, NUSSBAUM & LaPLACA, and pursuant to Federal Rules of Civil Procedure 12(b)(6) or, in the alternative, 12(e) move to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, or, alternatively, move for this Court to require Plaintiff to provide a more definite statement, and as reasons therefore state as follows:

    1.     Plaintiff, Richard Stewart, has filed this Complaint pro se. In the Introduction section of Plaintiff's Complaint at Paragraph 5, Plaintiff states that:

> Members of the Maryland State Board of Education have at all relevant times had the authority by accepted practice to remedy a grievance hearing conducted on or about June 1998 which was

---

[1] Counsel for Defendants is including Dr. Clark in its Motion to Dismiss, since Dr. Clark was an employee of the Board of Education of Prince George's County during the relevant time period and, is "presumably," named in his official capacity. However, there is no proof of service as to Dr. Clark, nor any waiver of Dr. Clark's right to raise the defense of insufficiency or lack of service of process. Dr. Clark is no longer employed by the Board of Education of Prince George's County.

"DENIED as moot"     14th DAY
of June 01
_____
UNITED STATES DISTRICT JUDGE

> statutorily flawed for want of a lawyer examiner and a transcript and the allowance of active participation by Plaintiff's Counsel, and despite requests on behalf of Plaintiff, have failed to provide such remedy.

Paragraph 6 of Plaintiff's Complaint further states that:

> That the acts complained of herein deprived Plaintiff of rights secured by the constitution and laws, including, but not limited to Due Process, Right to Free Association, Right to equal (sic) Protection of the Laws (including right to merit principles in hiring as ensured in employee regulations) Right to have a forum conducted in a fashion so as to ensure against the unauthorized practice of law, freedom of assistance by union and assistance by attorney.

2. In Count I of Plaintiff's Complaint, Plaintiff appears to attempt to allege various conduct attributed to Thomas Kirby, former Director of Personnel, in connection with a denial of a request for an upgrade in Plaintiff's position of employment. Plaintiff attempts to further allege due process violations in Count II of the Complaint, apparently, also involving alleged actions by Thomas Kirby.

3. However, due to the ambiguous and unclear language in the Introduction section and in Counts I and II of the Complaint, Defendants are not able to reasonably ascertain the nature of the allegations that Plaintiff is asserting as a basis for his cause of action in support of a claim for alleged due process violations. Accordingly, Defendants cannot reasonably respond to the allegations in Plaintiff's Complaint, and the Complaint fails to state a cause of action upon which relief can be granted.

4. Plaintiff's Complaint names individuals who are, or were, employees of the Board of Education of Prince George's County and the Maryland State Board of Education as Defendants. Plaintiff's Complaint appears to assert a violation of due process under 42 USC §1983 against all named Defendants. However, due to Plaintiff's poorly drafted Complaint, the

Defendants, named herein this Motion to Dismiss, are not able to determine the factual basis upon which the Plaintiff contends he has a cause of action as to each of these named Defendants.

5. Also, the Plaintiff's Complaint fails to adequately separate and specifically state which alleged due process violations Plaintiff contends were the result of conduct of the Defendants, named herein this Motion to Dismiss, or conduct attributed to the Co-Defendant, Maryland State Board of Education. Rather, in Count III, Plaintiff summarily states and concludes that he was denied due process and, "Sues Plaintiff all Defendants in their Individual and Official capacities."

6. Federal Rule of Civil Procedure 10(b) requires that:

> All Averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense, other than denial, shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matter set forth.

7. Plaintiff's Complaint, as presently drafted, fails to present claims as to each Defendant in separate counts to facilitate the clear presentation of the facts and matters alleged against each Defendant. Thus, the Complaint is not in compliance with rules of procedure and fails to state a claim. Likewise, Defendants are not able to reasonably respond to the allegations as presently drafted.

8. If this Court does not dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, Defendants request that this Court require Plaintiff to amend his Complaint and provide a more definite statement. Federal Rule of Civil Procedure 12(e) states that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

9. Accordingly, Defendants respectfully request that this Court require the Plaintiff to amend his Complaint and to plead in separate counts the causes of action against the individually named Defendants and to present a clearer and concise statement of supporting facts and theories of liability to which the Defendants can reasonably respond.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court enter an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted and/or, in the alternative, issue an Order requiring the Plaintiff to amend the Complaint and provide a more definitive statement.

Respectfully submitted,

_____
Roger C. Thomas, #08762
Attorney for Defendants,
Board of Education of Prince
George's County, et al.

KNIGHT, MANZI, NUSSBAUM
  & LaPLACA
14440 Old Mill Road
Upper Marlboro, MD 20772
(301) 952-0100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __7th__ day of February, 2001, a copy of the foregoing Defendants' Motion to Dismiss, was mailed by first-class mail, postage prepaid, to

Richard Stewart
2704 Boones Trail Lane
Forestville, MD 20747

_____
Roger C. Thomas

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RICHARD STEWART** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Civil Action No.: **WMN 00 CV2597** |
| | : |
| **PRINCE GEORGE'S COUNTY** | : |
| **BOARD OF EDUCATION, et al.** | : |
| | : |
| **Defendants.** | : |

## ORDER

UPON CONSIDERATION of the Defendants, Board of Education of Prince George's County's, Dr. Iris T. Metts', Dr. Jerome Clark's, and Thomas D. Kirby's, Motion to Dismiss and/or, in the Alternative, Motion for More Definite Statement, and any opposition thereto, it is this _____ day of _____, 2001,

**ORDERED** by the United States District Court for the District of Maryland, that the Plaintiff's Complaint be and the same is hereby DISMISSED.

_____

**JUDGE**

cc:

Richard Stewart
2704 Boones Trail Lane
Forestville, MD 20747
Upper Marlboro, MD 20772

Roger C. Thomas
KNIGHT, MANZI, NUSSBAUM & LAPLACA
14440 Old Mill Road

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RICHARD STEWART** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Civil Action No.: **WMN 00 CV2597** |
| | : |
| **PRINCE GEORGE'S COUNTY** | : |
| **BOARD OF EDUCATION, et al.** | : |
| | : |
| **Defendants.** | : |

## ORDER

UPON CONSIDERATION of the Defendants, Board of Education of Prince George's County's, Dr. Iris T. Metts', Dr. Jerome Clark's, and Thomas D. Kirby's, Motion to Dismiss and/or, in the Alternative, Motion for More Definite Statement, and any opposition thereto, it is this _____ day of _____, 2001, hereby

**ORDERED** by the United States District Court for the District of Maryland, that Defendant's Motion for More Definite Statement be and the same is hereby GRANTED, and further,

**ORDERED** that Plaintiff shall be required to file an Amended Complaint on or before the _____ day of _____, 2001.

_____
**J U D G E**

cc:

Richard Stewart
2704 Boones Trail Lane
Forestville, MD 20747

Roger C. Thomas
KNIGHT, MANZI, NUSSBAUM & LAPLACA
14440 Old Mill Road
Upper Marlboro, MD 20772